**CT Corporation**

**Service of Process Transmittal**
12/01/2008
CT Log Number 514141209

**TO:** April Maulson, Risk Management Representative
IPC International Corporation
2111 Waukegan Road
Bannockburn, IL 60015-1830

**RE:** Process Served in Virginia

**FOR:** IPC INTERNATIONAL CORPORATION (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Essam F. Nazif, Pltf. vs. IPC International Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Norfolk City Circuit Court, VA<br>Case # 710CL08006914-00 |
| **NATURE OF ACTION:** | Personal Injury - Alleges assault and battery on or about 01/31/04 - Seeking $350,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/01/2008 at 12:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Brian K. Miller<br>Basnight, Kinser, Telefeyan, Leftwich & Nuckolls, P.C.<br>308 Cedar Lakes Drive, 2nd Floor<br>Chesapeake, VA 23322-0017<br>(757) 382-4157 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2008, Expected Purge Date: 12/06/2008<br>Image SOP<br>Email Notification, April Maulson AMAULSON@IPCINTERNATIONAL.COM<br>Email Notification, Donald P. Lantz dlantz@ipcinternational.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tinika Baylor |
| **ADDRESS:** | 4701 Cox Road<br>Suite 301<br>Glen Allen, VA 23060 |
| **TELEPHONE:** | 804-217-7255 |

**EXHIBIT 1**

Page 1 of 1 / JM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Norfolk Circuit Court
Civil Division
100 St. Paul's Blvd.
Norfolk, VA 23510

Summons

To:  IPC INTERNATIONAL CORPORATION            Case number: 710CL08006914-00
     C/O CT CORPORATION SYSTEM
     REGISTERED AGENT
     4701 COX ROAD
     SUITE 301
     GLEN ALLEN, VA 23060

The party upon whom this Summons and the attached Complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this Subpoena.

Done in the name of the Commonwealth of Virginia on, Monday, November 24, 2008.

Clerk of Court: George Schaefer

                                    By: _____
                                              (Clerk/Deputy Clerk)

     Instructions:


Attorney's name: BRIAN MILLER
                 757-547-9191

**COVER SHEET FOR FILING CIVIL ACTIONS**
**COMMONWEALTH OF VIRGINIA**

Case No. .................................................
(CLERK'S OFFICE USE ONLY)*

........................................... Norfolk ........................................... Circuit Court

........... Essam F. Nazif ...........  v./In re: ........... IPC International Corporation ...........
PLAINTIFF(S)                                                    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

[ ] Accounting
[ ] Administrative Appeal
[ ] Adoption
[ ] Adoption - Foreign
[ ] Adult Protection
[ ] Aid and Guidance
[ ] Annexation
[ ] Annulment
[ ] Appeal Decision of ABC Board
[ ] Appeal Decision of Board of Zoning
[ ] Appeal Decision of Comp Board
[ ] Appeal Decision of Employment Commission
[ ] Appeal Decision of Local Government
[ ] Appeal Decision of Marine Resources Commission
[ ] Appeal Decision of Voter Registration
[ ] Appointment of Church Trustee, Substitute Fiduciaries
[ ] Approval of Right to be Eligible to Vote
[ ] Asbestos Litigation
[ ] Attachment
[ ] Bond Forfeiture Appeal
[ ] Child Abuse and Neglect - Unfounded Complaint
[ ] Civil Contempt
[ ] Claim Impleading Third Party Defendant
[ ] Complaint - (Miscellaneous)
[ ] Compromise Settlement
[ ] Condemnation
[ ] Confessed Judgment
[ ] Conservator of Peace

[ ] Construe Will
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Correct/Erroneous State/Local Taxes
[ ] Counterclaim
[ ] Cross Claim
[ ] Custody/Visitation/Support/ Equitable Distribution
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Delinquent Taxes
[ ] Detinue
[ ] Divorce
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheat
[ ] Establish Boundaries
[ ] Expunge
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Garnishment
[x] General Tort Liability (other than motor vehicle)
[ ] Grievance Procedures
[ ] Guardian/Conservator Appointment
[ ] Impress/Declare a Trust
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Intentional Tort
[ ] Judgment Lien-Bill to Enforce
[ ] Judicial Review

[ ] Landlord/Tenant
[ ] Mechanics Lien
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Name Change
[ ] Order to Sever
[ ] Partition
[ ] Petition
[ ] Product Liability
[ ] Quiet Title
[ ] Referendum Elections
[ ] Reformation of Trust
[ ] Reinstatement of Driving Privileges
[ ] Reinstatement (General)
[ ] Removal
[ ] Separate Maintenance
[ ] Standby Guardian/ Conservator
[ ] Termination of Mineral Rights
[ ] Unlawful Detainer
[ ] Vehicle Confiscation
[ ] Will Contested
[ ] Writ of Certiorari
[ ] Writ of Habeas Corpus
[ ] Writ of Mandamus
[ ] Writ of Prohibition
[ ] Writ of Quo Warranto
[ ] Wrongful Death
[ ] Other

[x] Damages in the amount of $ 850,000.00 ........................................... are claimed.

November 11, 2008
DATE                    [ ] PLAINTIFF   [ ] DEFENDANT   [•] ATTORNEY FOR [•] PLAINTIFF
                                                                         [ ] DEFENDANT

Brian K. Miller
PRINT NAME
308 Cedar Lakes Drive, 2nd Floor, Chesapeake, Virginia 23322    (757) 382-4157
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

FORM CC-1416 (MASTER) PAGE ONE 11/07

* See reverse side for Civil Action Type Codes
  - for Clerk's Office Use Only

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

ESSAM F. NAZIF,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: _____

IPC INTERNATIONAL CORPORATION,

    SERVE:    CT Corporation System
                  Registered Agent for IPC International Corporation
                  4701 Cox Road, Suite 301
                  Glen Allen, VA 23060

        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Essam F. Nazif, by counsel, and moves this honorable court for judgment against Defendant, IPC International Corporation, on the grounds and in the amounts as hereinafter set forth:

1.    The Plaintiff, Essam F. Nazif, is a Virginia resident with a principal residence in the City of Norfolk, Virginia.

2.    Defendant, IPC International Corporation, (hereinafter referred to as "IPC", "Defendant", or "Corporation") is a corporation, and at all dates and times complained of in this Complaint, was doing business in the City of Norfolk, Virginia and incorporated under the laws of Virginia.

3.    At all times relevant to this Complaint Plaintiff owned and operated a business known as Flamers located in the Military Circle Shopping Mall, 880 N. Military Highway, Norfolk, Virginia (hereinafter "the Business").

RETURN TO AND
PREPARED BY:
JASNIGHT, KINSER,
LFEYAN, LEFTWICH,
ND NUCKOLLS, P.C.
ATTORNEYS AT LAW
8 CEDAR LAKES DRIVE
SAPEAKE, VIRGINIA 23322
547-9191

4. Jurisdiction is proper with this Court pursuant to Rule 3:1 of the Rules of the Supreme Court of Virginia.

5. Venue is proper with the Circuit Court of the City of Norfolk pursuant to Section 8.01-262 of the Code of Virginia, 1950, as amended.

## COUNT I
(Assault & Battery vs. IPC International Corporation)

6. That the allegations contained in paragraphs 1 through 5 of this Complaint and by such reference re-pleads and incorporates them as though fully set forth herein.

7. Defendant is a corporation that at all dates and times complained of in this Complaint, provided security to Military Circle Shopping Mall in Norfolk, Virginia; 880 N. Military Highway, Norfolk, Virginia, (hereinafter referred to as the "Mall")

8. That on or about January 31, 2004, Plaintiff was lawfully conducting business at his place of business located inside of the Mall.

9. Defendant, through its employees, agents, and/or representatives, without just cause or provocation and with great force and violence, intentionally threatened to make and made physical contact with Plaintiff on two separate occasions on January 31, 2004.

10. On the first occasion, Defendant, through its employees, agents, and/or representatives, unlawfully and without any just cause or provocation struck and with force assaulted and battered Plaintiff by knocking him to the ground, handcuffing him, and willfully, wantonly, forcibly, maliciously, and outrageously seizing and violently ejecting Plaintiff from the Business in the presence of other store owners, Plaintiff's employees and workers, customers, and visitors to the Mall, during which actions Plaintiff had a great apprehension of imminent battery and then was battered.

RETURN TO AND
PREPARED BY
JASNIGHT, KINSER,
LEFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
8 CEDAR LAKES DRIVE
CHESAPEAKE, VIRGINIA 23322
547-9191

11. Defendant, through its employees, agents, and/or representatives, then transported the Plaintiff to the security office where he was placed in a chair within view of others, wearing handcuffs and appearing to be under arrest.

12. Plaintiff was left in this location and condition for a period of approximately one-half hour, handcuffed the entire time, and unable to leave, depriving him of his personal liberty and falsely imprisoning him.

13. Defendant, through its employees, agents, and/or representatives, then allowed the Plaintiff to return to his business, after much begging and pleading and other public humiliation by the Plaintiff, while in view of others, without any further processing.

14. Plaintiff then called the emergency dispatch, 911, after returning to his business and securing the premises.

15. Defendant, through its employees, agents, and/or representatives later that same day, returned to the Plaintiff's business.

16. Defendant, through its employees, agents, then forcibly ejected Plaintiff from his business; slammed him into the glass front counter of the restaurant, turned him around, and again handcuffed him.

17. Defendant, through its employees, agents, and/or representatives, then placed the Plaintiff under arrest, without probable cause, dragged the Plaintiff a second time through the Mall, in front of other storeowners and remaining customers.

18. Defendant, through its employees, agents, and/or representatives, had the Plaintiff transported to the Magistrate's office in the City of Norfolk despite the fact that no probable cause to arrest or any sufficient legal excuse whatsoever existed for any criminal charges.

RETURN TO AND
PREPARED BY:
JASNIGHT, KINSER,
LEFYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
6 CEDAR LAKES DRIVE
CHESAPEAKE, VIRGINIA 23322
547-9191

19. The Magistrate refused to issue an arrest warrant based on the statements of the Defendant, through its employees, agents, and/or representatives, and ordered the immediate release of the Plaintiff.

20. The Defendant, through its employees, agents, and/or representatives, knew or reasonably should have known that its behavior, through its employees, agents, and/or representatives, on or about January 31, 2004, would cause harm and/or humiliation to Plaintiff.

21. As a result of said injuries, Plaintiff sought treatment from Patient's First and Dr. Charles S. Broadfield.

22. As a direct and proximate result of the unlawful and violent acts of Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment as aforesaid, Plaintiff has been caused to suffer great pain and severe mental anguish as a result of these injuries; has been forced to incur and will continue to incur substantial medical bills in an effort to be cured of his injuries; has been permanently disabled, and caused to suffer severe mental anguish.

23. Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, acted negligently, intentionally, and with reckless disregard of the probability of causing severe emotional distress to Plaintiff.

24. The Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, was negligent in that, among other things:

    a. The Defendant, through its employees, agents, and/or representatives, failed to take appropriate action and apply and enforce appropriate security procedures;

    b. The Defendant, through its employees, agents, and/or representatives, failed to take appropriate action when it, through its managers, employees, or agents,

RETURN TO AND PREPARED BY: BASNIGHT, KINSER, ELFEYAN, LEFTWICH, AND NUCKOLLS, P.C. ATTORNEYS AT LAW 18 CEDAR LAKES DRIVE CHESAPEAKE, VIRGINIA 23322 547-9191

knew or reasonably should have known there was an imminent threat of harm to the Plaintiff;

c. The Defendant, through its employees, agents, and/or representatives, failed to take remedial action against the personnel involved in the incidents which are the subject matter of this Complaint.

d. At least some of the personnel involved in the incidents which are the subject matter of this Complaint continued to work in the area of Plaintiff's business and interact with the Plaintiff, causing fear and apprehension whenever any of them interact or are seen by the Plaintiff;

e. The Defendant, through its employees, agents, and/or representatives, failed to act in a reasonable manner considering the circumstances and/or failed to exercise ordinary care; and/or

f. The Defendant, through its employees, agents, and/or representatives, continues to allow the personnel involved in the incidents which are the subject matter of this Complaint to work in the area of Plaintiff's business and interact with the Plaintiff.

25. Alternatively, the Defendant, through its employees, agents, and/or representatives, was grossly negligent in that, among other things:

a. The Defendant, through its employees, agents, and/or representatives, failed to take appropriate action, and apply and/or enforce appropriate security procedures;

b. The Defendant, through its employees, agents, and/or representatives, has failed to take remedial action against the personnel involved in the incidents

RETURN TO AND
PREPARED BY:
BASNIGHT, KINSER,
ELFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
18 CEDAR LAKES DRIVE
CHESAPEAKE, VIRGINIA 23322
547-9191

which are the subject matter of this Complaint;

c. The Defendant, through its employees, agents, and/or representatives, failed to take appropriate action when it, through its managers, employees, or agents, knew or reasonably should have known there was an imminent threat of harm to the Plaintiff.

d. The Defendant, through its employees, agents, and/or representatives, has failed to inform the Plaintiff of any actions taken that would enable him to reasonably believe that these actions will not happen again in the future or alleviate his anxiety every time he sees any of the personnel involved in the incidents which are the subject matter of this Complaint, another agent or employee of the Defendant, an employee of the Sheriff's Department or other law enforcement agency, or a person in uniform;

e. The Defendant, through its employees, agents, and/or representatives, acted with intentional and reckless disregard of the probability of causing severe emotional distress to Plaintiff;

f. The Defendant, through its employees, agents, and/or representatives, acted in an outrageous and intolerable manner, which resulted in severe emotional distress to Plaintiff.

26. As a direct and proximate cause result of the action of Defendant, through its employees, agents, and/or representatives, Plaintiff was severely injured and suffered:

a. Severe mental and emotional anguish, injury, and/or distress;

b. Been exposed to public hatred, contempt, and/or ridicule;

c. Been deprived of the benefits of public confidence and social intercourse in

RETURN TO AND
PREPARED BY
JASNIGHT, KINSER,
ILFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
8 CEDAR LAKES DRIVE
SAPEAKE, VIRGINIA 23322
547-0191

the community;

d. Great embarrassment and public humiliation;

e. Permanent Disability;

f. Physical Injury;

g. Other injuries as may be discovered during treatment and/or trial on this matter.

27. As a result of being injured as alleged above, Plaintiff suffered:

a. Serious medical injuries requiring hospitalization and/or other medical care and treatment;

b. Medical bills to treat Plaintiff's injuries;

c. Severe mental trauma and/or distress, including, but limited to, Posttraumatic Stress Disorder;

d. Loss of enjoyment of a normal life;

e. Loss of consortium;

f. Permanent Disability;

g. Pain and suffering; and/or

h. Permanent injury to personal reputation and mental stability.

## COUNT II
(False Imprisonment vs. IPC International Corporation)

28. That the allegations contained in paragraphs 1 through 27 of this Complaint and by such reference Plaintiff re-pleads and incorporates them as though fully set forth herein.

29. Defendant, through its employees, agents, and/or representatives, restrained Plaintiff's liberty entirely, without probable cause or any sufficient legal excuse whatsoever, constituting false imprisonment.

RETURN TO AND PREPARED BY
BASNIGHT, KINSER,
ELFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
08 CEDAR LAKES DRIVE
ESAPEAKE, VIRGINIA 23322
547-0191

## COUNT III
(Intentional Infliction of Emotional Distress vs. IPC International Corporation)

30. That the allegations contained in paragraphs 1 through 29 of this Complaint and by such reference Plaintiff re-pleads and incorporates them as though fully set forth herein.

31. Defendant, through its employees, agents, and/or representatives, acted intentionally and with reckless disregard of the probability of causing severe emotional distress to Plaintiff.

32. Defendant's conduct was outrageous and intolerable and likely to cause physical injury to Plaintiff and severe emotional distress.

33. The Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, intended to and did inflict severe emotional distress upon Plaintiff.

## COUNT IV
(Punitive Damages vs. IPC International Corporation)

34. That the allegations contained in paragraphs 1 through 33 of this Complaint and by such reference Plaintiff re-pleads and incorporates them as though fully set forth herein.

35. That on the aforesaid date and at the aforesaid time and place, the Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, acted and behaved in a negligent, reckless, careless, willful and wanton, manner and with conscious disregard for the rights and safety of others, including but not limited to the Plaintiff, through its actions, which included but were not limited to assaulting the Plaintiff, battering the Plaintiff, falsely imprisoning the Plaintiff, falsely accusing the Plaintiff of committing a criminal offense, and/or subjecting the Plaintiff to public humiliation by dragging him through a busy shopping mall from his place of business, in the presence and viewing area of

RETURN TO AND PREPARED BY:
IASNIGHT, KINSER,
LFEYAN, LEFTWICH,
ND NUCKOLLS, P.C.
ATTORNEYS AT LAW
8 CEDAR LAKES DRIVE
SAPEAKE, VIRGINIA 23322
547-9191

the other store owners, his employees and workers, customers, and visitors to the Mall.

36. That on or about February 1, 2004, Plaintiff gave notice of the incident complained of in this Complaint to Defendant by advising Captain William Johnson, an employee for Defendant, and other employees or representatives of Defendant of the incidents complained of in this Complaint.

37. That on or about February 1, 2004, Plaintiff also brought the incident complained of in this Complaint to the attention of Jim Hale, the Mall Manager, for the location where the events complained of in this Complaint occurred who gave notice of this matter to agents, employees, and/or representatives of Defendant.

38. That on or about February 1, 2004, Plaintiff was assured by Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, that a report against the personnel involved would be filed and that appropriate measures would be taken to discipline the employees involved.

39. That despite the assurances of Defendant, through its employees, agents, and/or representatives, no actions were taken to assure the Plaintiff that his safety would be protected in the future and Plaintiff was never advised of any disciplinary action or other actions taken to alleviate Plaintiff's clear distress caused by the incidents complained of in this Complaint.

40. That despite Plaintiff's distress, Defendant, through its employees, agents, and/or representatives, took no visible actions, and failed to make Plaintiff aware of any actions by Defendant to alleviate Plaintiff's stress and emotional damage caused by the incidents complained of in this Complaint and the continued presence of the personnel involved in the incidents which are the subject matter of this Complaint in the area of the Mall where the incidents complained of in this Complaint occurred.

RETURN TO AND
PREPARED BY
JASNIGHT, KINSER,
LFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
18 CEDAR LAKES DRIVE
SAPEAKE, VIRGINIA 23322
547-9191

41. That Defendant, knew or reasonably should have known that its failure to act in either disciplining the personnel involved in the incidents which are the subject matter of this Complaint or advising Plaintiff of the actions taken to assure his continued safety and protection was likely to cause severe emotional distress to Plaintiff.

42. That Defendant knew or reasonable should have known that its failure to take or make known precautionary actions or disciplinary action against personnel involved in the incidents which are the subject matter of this Complaint, and Defendant's failure to communicate with Plaintiff the results of its investigation, any actions taken as a result thereof, and/or any disciplinary action taken against the personnel involved in the incidents which are the subject matter of this Complaint, was likely to cause severe emotional distress to Plaintiff and amount to approval or ratification of the actions of the personnel involved in the incidents which are the subject matter of this Complaint in the eyes of a reasonable person.

43. The Defendant, through its employees, agents, and/or representatives, who were acting within the scope of their employment, ratified the actions of its employees, agents, or representatives in that, among other things: the Defendant, through its employees, agents, and/or representatives, failed to take remedial action against the personnel involved in the incidents which are the subject matter of this Complaint and continued to allow at least some of the personnel involved in the incidents which are the subject matter of this Complaint to work in the area of Plaintiff's business and interact with the Plaintiff; and/or

44. Alternatively, the Defendant, through its employees, agents, and/or representatives, ratified and authorized the actions of its employees, agents, and/or representatives when it, among other things, failed to take remedial action against its employees, agents, and/or representatives and failed to inform the Plaintiff of any actions taken that would

RETURN TO AND PREPARED BY:
BASNIGHT, KINSER,
ELFEYAN, LEFTWICH,
AND NUCKOLLS, P.C
ATTORNEYS AT LAW
8 CEDAR LAKES DRIVE
SAPEAKE, VIRGINIA 23322
547-9191

enable him to reasonably believe that these actions would not happen again in the future.

45. Alternatively, the Defendant, through its employees, agents, and/or representatives, ratified and authorized the actions of its employees, agents, and/or representatives when it, among other things, failed to alleviate Plaintiff's anxiety every time he would see a security guard, or another agent or employee of the Defendant, or an employee of the Sheriff's Department, or other law enforcement agency, or a person in uniform;

46. The Defendant, through its employees, agents, and/or representatives, acted with intentional and reckless disregard of the probability of causing severe emotional distress to Plaintiff when it knew or reasonably should have known that such actions or failure to act would result in severe emotional distress to Plaintiff.

WHEREFORE, for the reasons stated above, Plaintiff respectfully asks this Honorable Court to award him $500,000.00 in compensatory damages and $350,000.00 in punitive damages, his reasonable costs expended in this matter including, but not limited to, his Attorney's fees, and any other award this Honorable Court deems appropriate.

ESSAM F. NAZIF

BY: _____
Of Counsel

Brian K. Miller, Esquire (VSB #: 31416)
BASNIGHT, KINSER, TELFEYAN,
LEFTWICH & NUCKOLLS, P.C.
308 Cedar Lakes Drive, 2nd Floor
Chesapeake, VA 23322-0017
(757) 382-4157 Telephone
(757) 547-9135 Facsimile

RETURN TO AND
PREPARED BY:
BASNIGHT, KINSER,
TELFEYAN, LEFTWICH,
AND NUCKOLLS, P.C.
ATTORNEYS AT LAW
308 CEDAR LAKES DRIVE
CHESAPEAKE, VIRGINIA 23322
547-9191